### JONES *et al. v.* NEWTON *et al.*

(*Supreme Court, General Term, First Department.* October 24, 1890.)

FEES OF REFEREE.

A referee appointed to take and state the account of an assignee for benefit of creditors is not entitled to fees, as for a hearing, for days on which nothing more was done than the filing with him of claims of creditors, and the examination thereof by him, nor for days on which he merely examined papers offered in evidence, at a single hearing; and a charge of fees for 15 days for examination of evidence, and preparation of report, upon evidence offered at two hearings, is excessive.

Appeal from special term, New York county.

Action by John Meredith Jones and others, creditors of Henry Van Gelder and others, who had made an assignment for benefit of their creditors to Henry J. Newton, for an accounting by him as assignee. The action was referred to John J. Sullivan, Esq., to take and state the account. From an order affirming the adjustment by the clerk of the fees of the referee, the assignee appeals. Code Civil Proc. N. Y. § 3296, provides that a referee, in an action or in such a proceeding, "is entitled to six dollars for each day spent in the business of the reference," unless a different rate of compensation is fixed by consent of parties, etc.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*L. B. Bunnell*, for appellants.  *John J. Sullivan*, referee, respondents, *in pro. per*.

VAN BRUNT, P. J.  The objections which are urged against the taxation of costs relate to the item of referee's fees.  The referee seems to have been appointed to take and state the accounts of an assignee.  It would appear that only five claims of creditors were filed with the referee, and they having been filed on four different days he has charged for four hearings.  It is clear that such a charge is not authorized by the Code.  The mere filing of a paper with a referee in these proceedings cannot be considered a hearing.  It is true that the referee says he examined each claim when it was received; but whether he spent one or two minutes in the reception and examination of the claims he does not state.  These claims do not appear to have been contested, or to have been of any peculiar character, and thus we may safely assume that not more than one minute of the referee's time was consumed upon each of these days.  Exception is taken to the referee's charge when there were adjournments.  We see no objection to such charge.  The referee had set apart this time for this reference.  He was there ready to proceed; and if the parties chose to postpone it was not his fault.  We find charges as for full hearings when the referee examined any papers.  This cannot be allowed.  These papers would seem to have been offered in evidence at a single hearing.  All but one appear to have been before the referee at his office, because he especially mentions having examined this at the clerk's office, and 15 days are charged for the examination of evidence and preparation of report upon evidence offered at two hearings.  This appears to be too much sack for so little bread.  Allowing every presumption in favor of the referee, we do not see how an allowance for more than 13 meetings can possibly be made.  The taxation should therefore be reduced to $78, and affirmed for that amount.

All concur.